IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR375 |
| v. | |
| AMERICA SAUCEDO-MORENO, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on America Saucedo-Moreno's ("Saucedo-Moreno") pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 226). The Court has reviewed the record in this case and concludes the motion should be denied. Because the record conclusively demonstrates Saucedo-Moreno is not entitled to relief, no evidentiary hearing is necessary. 28 U.S.C. § 2255(b); *Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (finding a district court may deny an evidentiary hearing when a defendant's allegations "are either contradicted by the record or would not entitle [her] to relief.").

I.  BACKGROUND

On October 24, 2017, investigators intercepted wire and electronic communications between one of Saucedo-Moreno's co-conspirators, Carlos Manriquez-Aviles ("Manriquez-Aviles"), and a methamphetamine supplier (the "supplier"). The supplier directed Manriquez-Aviles to deposit $1,750 of drug proceeds into a bank account, but Manriquez-Aviles was unable to make the transaction. Instead, Saucedo-Moreno's daughter and co-conspirator Lourdes Perez-Saucedo ("Perez-Saucedo") opened a different bank account to make the deposit. Saucedo-Moreno accompanied Perez-Saucedo to open the account.

On October 28, 2017, Saucedo-Moreno and Jorge Alonzo-Lopez ("Alonzo-Lopez"), another co-defendant, arranged to meet Manriquez-Aviles in a Wal-Mart parking lot. Thereafter, Alonzo-Lopez delivered approximately ten pounds of methamphetamine to Manriquez-Aviles. Approximately five minutes after the exchange, Saucedo-Moreno and Alonzo-Lopez were stopped by an Omaha police officer, but they were allowed to depart. Meanwhile, another investigator observed Manriquez-Aviles meet with a third-party customer to deliver approximately three pounds of methamphetamine, which was subsequently confiscated.

Saucedo-Moreno was arrested on November 17, 2017. She was appointed counsel, but on March 27, 2019, Saucedo-Moreno retained new counsel, Thomas O. Campbell ("Campbell"). The next day, Saucedo-Moreno requested a change of plea hearing under Federal Rule of Criminal Procedure 11. On April 3, she pleaded guilty to one count of conspiracy to distribute and possess 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1) and § 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). The Court sentenced Saucedo-Moreno on July 12, 2019, to 78 months on each count, to run concurrently, followed by five years of supervised release. She did not appeal.

On December 2, 2019, Saucedo-Moreno filed the present motion to vacate. The Court ordered the government to respond; Campbell also filed an affidavit (Filing No. 237-1).

II. DISCUSSION
   A. Standard of Review

Section 2255(a) authorizes a federal prisoner to seek post-conviction relief if her "sentence was imposed in violation of the Constitution or laws of the United States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Relief under § 2255 is limited to "jurisdictional and constitutional errors" and when "the

claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Review under § 2255 "is an extraordinary remedy and will not be allowed to do service for an appeal." *Silk v. United States*, 955 F.3d 681, 683 (8th Cir. 2020) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

### B. Allegations of Ineffective Assistance of Counsel

Saucedo-Moreno raises four related claims of ineffective assistance of counsel. "A defendant 'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." *Deroo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). To prevail on her claims, Saucedo-Moreno must show "(1) [her] counsel's performance was deficient, and (2) the deficient performance prejudiced [her] defense." *Guzman-Ortiz*, 849 F.3d 708, 713 (8th Cir. 2017); *see also Strickland v. Washington*, 466 U.S. 668, 687-90 (1984).

In evaluating a claim of deficiency, the "[C]ourt must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The Court's review of counsel's performance is highly deferential; it will consider counsel's performance as deficient if they have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

To prove prejudice in the context of entering a guilty plea, Saucedo-Moreno must show "a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044 (8th Cir. 2019) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014) (quoting *Cullen v. Pinholster*, 563

3

U.S. 170, 189 (2011)). "Courts should not upset a plea solely because of post hoc assertions from a defendant about how [she] would have pleaded but for [her] attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, __ U.S. __, 137 S. Ct. 1958, 1967 (2017).

Saucedo-Moreno alleges four grounds for relief in her § 2255 motion, all for ineffective assistance of counsel. She states Campbell (1) "was hired by my husband only four days before I signed my plea agreement. . . [and] did not have time to review the facts surrounding the case"; (2) "did not discuss trial options or strategies. . . [or] ask for an extension to better acquaint himself [sic] with my case"; (3) "persuaded me to accept the plea agreement as it was written or I would receive a much longer prison term"; and (4) "did not act in my best interest nor did he respect my wishes to get an extension."

On this record, Saucedo-Moreno fails to meet her heavy burden to show Campbell committed any serious professional errors that affected the outcome of her case. *Strickland*, 466 U.S. at 689. At her change of plea hearing, the Court noted her recent change of counsel and confirmed Saucedo-Moreno "had sufficient time to talk to [Campbell]," was "able to effectively communicate with him as [her] attorney," and that Campbell was "able to speak to [her] in Spanish." Campbell assets in his affidavit that he discussed the case in person with Saucedo-Moreno multiple times and is fluent in Spanish, her primary language. Saucedo-Moreno stated on the record at her change of plea hearing she had no complaints about Campbell.

Saucedo-Moreno further alleges in her motion that she "believed that if [she] pled to one count of the indictment that the other count would be dismissed. I never wanted to or agreed to plead to both counts." But at the change of plea hearing, the Court recited the elements and penalties for both counts, to which Saucedo-Moreno separately agreed and pleaded guilty. Furthermore, she confirmed Campbell discussed the terms of the plea agreement with her in detail and answered all her questions. Saucedo-Moreno affirmed

she understood the terms of the plea agreement and signed it voluntarily of her own free will.

In her motion, Saucedo-Moreno suggests that Campbell should have followed her request to get an extension. When Saucedo-Moreno hired Campbell as new counsel on March 27, trial had previously been continued five times and was set for April 1. Even if Campbell asked for and was granted an extension, Saucedo-Moreno fails to show how a sixth extension would affect the outcome of her case.[1] Saucedo-Moreno's allegations on this record are not sufficient to state grounds for relief under § 2255.

### C. No Certificate of Appealability

A petitioner under § 2255 cannot appeal an adverse ruling unless she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). This Court cannot issue a certificate of appealability unless Saucedo-Moreno "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[she] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Saucedo-Moreno has not made such a showing, and the Court will not issue a certificate of appealability.

### III. CONCLUSION

After a careful review of Saucedo-Moreno's § 2255 motion "and the files and records of the case conclusively show that [she] is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly,

---

[1] Saucedo-Moreno fails to assert she would have gone to trial. Indeed, she states in her motion: "[Campbell] did not respect my wishes to get an extension. I clearly explained to him that I believed that if I pled to one count of the indictment that the other count would be dismissed." *See Meza-Lopez*, 929 F.3d at 1044 (noting that to show prejudice, the petitioner must show a substantial likelihood that "[she] would not have pleaded guilty and would have insisted on going to trial," but for counsel's errors.).

5

IT IS ORDERED:

1. America Saucedo-Moreno's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Filing No. 226) is denied.
2. No certificate of appealability will issue.
3. A separate judgment will be entered in accordance with this Memorandum and Order.
4. The Clerk of the Court shall mail a copy of this Memorandum and Order and the Judgment to Saucedo-Moreno at her address of record.

Dated this 4th day of December 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge