IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR375 |
| v. | |
| AMERICA SAUCEDO-MORENO, | ORDER |
| Defendant. | |

On April 3, 2019, America Saucedo-Moreno ("Saucedo-Moreno") pleaded guilty to one count of conspiracy to distribute and possess 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) and 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). The Court sentenced Saucedo-Moreno on July 12, 2019, to 78 months on each count, to run concurrently, followed by five years of supervised release.

Now before the Court are Saucedo-Moreno's Motion for Compassionate Release (Filing No. 245) and related Motion for Asylum (Filing No. 244). The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), modified 18 U.S.C. § 3582(c)(1)(A)(i) to allow federal inmates like Saucedo-Moreno to move the Court directly to "reduce [her] term of imprisonment" for "extraordinary and compelling reasons." *See United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021). But Saucedo-Moreno can only file such a motion *after* she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of [her] facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (explaining "[t]his requirement is a mandatory claim-processing rule").

In her motion, Saucedo-Moreno acknowledges there are statutory prerequisites to judicial review. She seemingly admits she has not complied with either requirement but asks the Court for an equitable exception. Although her allegations are not entirely clear, she states she "was informed by a [BOP] counselor that because she had to be released to [Immigration and Customs Enforcement], and because of her First Step Act Ineligibility it would be futile to file administrative remedy." In this Court's view, Saucedo-Moreno's failure to show she has complied with one of the statutory prerequisites under § 3582(c)(1)(A) before directly asking the Court for a sentence reduction "presents a glaring roadblock" to efficient and effective judicial review of her request for compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (noting the BOP's statutory role and denying a defendant's motion under § 3582(c)(1)(A) because he did not give the BOP thirty days to respond to his request for compassionate release). Even if the Court could grant her an equitable exception, it would still deny her request for a sentence reduction on the merits.

In deciding whether to grant a reduction, the Court must consider the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id*.

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The

first application note to § 1B1.131[1] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3.

Accepting all of Saucedo-Moreno's factual allegations as true, the Court concludes she has not shown an extraordinary and compelling reason to reduce her sentence. Saucedo-Moreno emphasizes she has served most of her sentence and has health issues that place her at a greater risk of severe illness should she contract COVID-19. While she admits her health problems are not well-documented due to "poor medical attention," she states two of her primary risk factors are her age (48 years old) and obesity. Saucedo-Moreno also complains of severe back pain. Saucedo-Moreno states if she were released, she could live with her daughters here in the United States but acknowledges that if she is released, she would be subject to deportation to Mexico. That is why Saucedo-Moreno also requests asylum and asks that her "Emergency Motion for Order of Asylum is presented in combination with Motion for Sentence Reduction."

While the Court does not minimize the risk posed by COVID-19, Saucedo-Moreno's individualized risk of severe illness is significantly lower because she has been fully vaccinated against COVID-19. Though studies on the effectiveness of the COVID-19 vaccines are ongoing, many courts—including this one—have concluded that the vaccines mitigate the risks of COVID-19 for purposes of compassionate-release motions. *See also Marcussen*, 15 F.4th at 858 ("Though certainly relevant, the threat of contracting

---

[1] This policy statement predates the First Step Act and does not govern the Court's review of Saucedo-Moreno's request for a sentence reduction. The Court nonetheless finds it helpful in deciding whether to reduce her sentence. *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

COVID-19 in the prison environment, still real at this time, is not by itself sufficient reason to modify a lawfully imposed prison sentence.").

Additionally, the Court has considered the relevant factors in 18 U.S.C. § 3553(a) and finds the balance of those factors and surrounding circumstances weigh against release. While it appears Saucedo-Moreno has done relatively well while incarcerated, rehabilitation alone is not "an extraordinary and compelling reason" to grant compassionate release. *See United States v. Saldana*, 807 Fed.Appx. 816, 819 (10th Cir. 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Accordingly, Saucedo-Moreno's motion for a sentence reduction (Filing No. 245) is denied. Her related motion for asylum (Filing No. 244) is also denied.

IT IS SO ORDERED.

Dated this 1st day of July 2022.

> BY THE COURT:
>
> Robert F. Rossiter, Jr.
> Chief United States District Judge